IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| RAFAEL CARRAE EDWARDS, #16458-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:15cv861 |
| | | CRIM NO. 4:09CR00087-004 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Rafael Carrae Edwards, a prisoner confined at F. C. I. Beaumont, proceeding *pro se*, filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

On May 2, 2012, after a jury trial, Movant was sentenced to 360 months of imprisonment for conspiracy to manufacture, distribute or possess with intent to manufacture or distribute cocaine, cocaine base and marijuana, in violation of 21 U.S.C. § 846, 851. On March 25, 2014, the conviction was affirmed by the Fifth Circuit. On December 1, 2014, the Supreme Court denied his petition for a writ of certiorari. *Edwards v. United States*, 135 S. Ct. 707 (2014).

The present motion was filed on December 15, 2015. Movant states that he placed the motion in the prison mailing system on December 8, 2015; consequently, the motion is deemed filed December 8, 2015 pursuant to the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Movant alleges that he is entitled to relief because his attorney was ineffective.

An initial review of the case revealed that it was arguably time-barred. On January 5, 2016, the Court issued an order giving the Movant thirty days to file a response to the issue of whether his case should be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). He did not, however, file a response.

1

### Antiterrorism and Effective Death Penalty Act of 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. A one year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction. The Fifth Circuit has concluded that the one year limitations period begins to run on the date a petition for a writ of certiorari is denied by the Supreme Court. *United States v. Thomas*, 203 F.3d 350, 335-36 (5th Cir. 2000).

In the present case, the Supreme Court denied Movant's petition for a writ of certiorari on December 1, 2014. His conviction became final at that time. The present motion was due no later than one year later on December 1, 2015. It was not file until December 8, 2015.

Movant has not provided any explanation for failing to timely file the present § 2255 motion. The only possibility for extending the deadline of December 1, 2015 is by equitable tolling. The Supreme Court clearly and unequivocally held that the AEDPA's statute of limitations may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Id.* at 649. Movant has neither addressed nor shown that the deadline in his case should be equitably tolled. He has not shown that he has been pursuing his rights diligently. Moreover, he has not shown that some extraordinary circumstance stood in his way and prevented timely filing. He has not shown that he is entitled to equitable tolling. The present § 2255 motion should be dismissed as time-barred.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a

certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

## Recommendation

It is recommended that the above-styled and numbered motion to vacate, set aside or correct Movant's sentence pursuant to 28 U.S.C. § 2255 be denied and that the case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 10th day of February, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE